IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MICHAEL WATSON, o/b/o )
ANGELA WATSON, Deceased, )
)
             Plaintiff, )
)
             v. )   No. 12-3173-SSA-CV-S-MJW
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
             Defendant. )

**ORDER**

Plaintiff Michael Watson, on behalf of his deceased wife, Angela Watson (hereinafter "claimant"), seeks judicial review,[1] of a final administrative decision denying Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. The parties' briefs are fully submitted, and an oral argument was held on July 9, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provision of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

The claimant, Angela Watson, protectively filed a Title II application on September 29, 2008. Claimant alleged a period of disability beginning on October 29, 2005, and has a date last insured of December 8, 2006. Her claim was initially denied on December 2, 2008, and again denied upon reconsideration on February 26, 2009. A timely written request for hearing was filed on March 31, 2009. A hearing was held on August 16, 2010, in Springfield, Missouri, with Administrative Law Judge (ALJ) David K. Fromme presiding. A vocational expert testified at the hearing. The ALJ subsequently issued a partially favorable decision on October 22, 2010. A request for review of the hearing decision was timely filed with the Appeals Council on December 3, 2010, which was denied on January 27, 2012.

Claimant, Angela Watson, was born on December 6, 1966, and alleged that she became disabled on October 29, 2005. She had not performed substantial gainful activity since the date of her alleged disability. Claimant alleged disability due to degenerative disk disease of the lumbar spine, and obesity. Claimant had past relevant work as a produce manager, requiring her to lift more than 20 pounds. The claimant received disability benefits from December 8, 2006, to September 28, 2008, at which time she had undergone a third back surgery and was showing improvement, and subsequently, she was taken off disability. Claimant no longer received

disability benefits until October of 2010, at which time she was awarded benefits again. These continued until her passing.

The ALJ found that the claimant met the insured requirements of the Social Security Act as of December 8, 2006. The ALJ further found that on September 29, 2008, the claimant had been unable to perform past relevant work, and that considering her age, education, work experience, and residual function capacity (RFC), the claimant has been able to perform a significant number of jobs in the national economy. A vocational expert testified that the claimant would be able to perform jobs such as a final assembler and a table worker.

Plaintiff alleges the ALJ erred in discounting the medical opinion of Dr. Tedrow, affording too great of weight to Dr. Shoemaker's opinions, and in determining that the claimant was not disabled for the period after September 29, 2008. Plaintiff further alleges the ALJ erred in finding the claimant's impairments did not meet or equal any of the criteria of the listed impairments as set forth in Appendix 1, Subpart P, Regulation No. 4. Plaintiff then alleges error in the ALJ's decision that on September 29, 2008, the claimant had an RFC capable of performing sedentary work, as defined in 20 C.F.R. § 404.1567(a), "except: the claimant is able to stand or walk up to 2 hours in an 8-hour workday. She is able to sit up to 6 hours in an 8-hour workday. The claimant must be allowed to limit standing and walking to 30 minutes at a time. She must be allowed to alternate sitting with standing every 30 minutes. The claimant should avoid frequent or repetitive bending, stooping, crouching, squatting, kneeling and crawling. She should avoid climbing stairs. She should not have to balance above ground, [or] work at heights or around hazardous, unprotected moving equipment." (Tr. 19.)

The Commissioner has responded in opposition, alleging the ALJ properly weighed the medical opinions and held Dr. Shoemaker's opinions to be controlling. Defendant further responds in support of the ALJ's determination to discount Dr. Tedrow's opinions as to the condition of the claimant and her impairments. Finally, the Commissioner also alleges the ALJ properly assessed the claimant's RFC and held that the claimant retained the RFC to perform other work that exists in significant numbers in the national economy, including a final assembler or a table worker, as testified to by the vocational expert.

After reviewing this case in its entirety, and considering the arguments of the parties presented at oral argument on July 9, 2013, this Court finds that, despite a thorough opinion by

the ALJ, this case must be reversed and remanded with directions to award benefits to the plaintiff. Reversal is necessary because the ALJ erred in discounting the opinions and medical records of Dr. Tedrow, and for affording too much weight to the opinions and medical records of Dr. Shoemaker. Dr. Tedrow was the claimant's treating physician during the period in question. A treating physician's opinion is generally entitled to substantial weight. Brown v. Astrue, 611 F.3d 941, 951 (8th Cir. 2010). An ALJ may discount a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007).

In the present case, this Court does not find Dr. Tedrow's opinions to be conclusory or inconsistent with the evidence on record. To the contrary, Dr. Tedrow's opinions are well supported by Dr. Hall and Dr. Thompson and are consistent with Dr. Shoemaker's final diagnosis. All of the doctors' findings and observations transpired after the claimant's third and final back surgery in 2008, and are all consistent and supportive of Dr. Tedrow's opinions. Pursuant to SSR 96-2p, a treating doctor's opinion is entitled to controlling weight if it is well supported by acceptable diagnostic procedures and is not inconsistent with other substantial evidence. Here, Dr. Tedrow's opinions should have been controlling, and Dr. Shoemaker's opinions should have been afforded less weight. Further, Dr. Shoemaker had not treated the claimant since November 6, 2008, while Dr. Tedrow treated and evaluated the claimant numerous times from April 6, 2009, to June 28, 2010. This shows that Dr. Tedrow was in a better position to evaluate the current conditions of the claimant. Further, the claimant had a good work history; prior to her disability, she was employed as a produce manager at Albertson's continuously from 1991 until 2006. Although remand to the Commissioner for further proceedings is the normal remedy, it is not necessary where the record supports a finding of disability. See Taylor v. Chater, 118 F.3d 1274, 1279 (8th Cir. 1997). Remand for further consideration is also inappropriate in this case because the record could not be further developed.[2] A similar outcome was reached by this Court in Wadsworth v. Astrue, No. 10-351, 2011 WL 900993 (W.D. Mo. March 15, 2011) (wife brought claim on behalf of her deceased

---

[2] The claimant, Angela Watson, passed away on January 9, 2012; her claim is brought on her behalf by Michael Watson.

husband and there was not substantial evidence in the record to support the ALJ's decision to deny benefits, and the case was remanded with instructions to award benefits).

**Conclusion**

Because of the errors set forth above, this Court finds the ALJ's opinion is not supported by substantial evidence in the record.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner with directions to compute and award benefits to plaintiff Michael Watson, on behalf of claimant Angela Watson, for the period of September 29, 2008, to October 2010, the period during which she was not receiving benefits.

Dated this 18th day of July, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge